UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LISA STRUGALA, an individual, on behalf of herself and on behalf of the class of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FLAGSTAR BANK, FSB,<br><br>Defendant. | Case No. 5:13-cv-05927-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 55 |

In this putative class action, Plaintiff Lisa Strugala ("Strugala") challenges her former mortgage lender's practice of first reporting, and then not reporting, capitalized interest on borrowers' tax forms. Presently before the court is a Motion to Dismiss filed by the lender, Flagstar Bank, FSB ("Flagstar").[1] See Docket Item No. 55. Strugala opposes the motion. See Docket Item No. 59.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1332. Having carefully reviewed the parties' briefing, the court finds that Strugala's withdrawn claims should be dismissed, and that Flagstar's alternative request under the primary jurisdiction doctrine is meritorious. Accordingly, Flagstar's motion will be granted in part and denied in part for the reasons explained below.

**I.   BACKGROUND**

Flagstar is "one of the nation's leading federal savings banks" and is headquartered in Michigan. See First. Am. Compl. ("FAC"), Docket Item No. 18, at ¶¶ 3, 55. This case involves

---

[1] Flagstar also filed a Request for Judicial Notice (Docket Item No. 56), which is GRANTED.

1
Case No.: 5:13-cv-05927-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

1  one of Flagstar's financial products known as the "negative amortization" loan.  According to the
2  FAC, "'negative amortization' loans generally provide the borrower the option in any given month
3  to pay a 'Minimum Payment,' which is generally, but not always, less than the interest due for the
4  month."  Id. at ¶ 3.  Under the "Minimum Payment" option, the unpaid monthly interest is then
5  "deferred" and added to the loan balance to be repaid on a later date.  Id. at ¶ 4.  This arrangement
6  usually causes the overall loan balance to increase rather than decrease while the interest is
7  deferred, even though the borrower is making monthly payments.  Id. at ¶ 5.

8        A Form 1098 is a tax document issued by a lender which the tax-payer borrower utilizes to
9  determine the amount of mortgage interest that should be reported to the Internal Revenue Service
10 ("IRS") with annual income taxes.  Id. at ¶ 1.  The statute that obligates lenders to issue Forms
11 1098 is 26 U.S.C. § 6050H.  Id.

12       Strugala alleges that prior to 2011, Flagstar reported on annual tax Forms 1098 both the
13 amount of actual interest it received from a negative amortization borrower as well as the amount
14 of interest the borrower "deferred" by exercising the "Minimum Payment" option.  Id. at ¶ 7.
15 Strugala contends this practice violated § 6050H because that statute requires lenders to report
16 only interest they "receive," and not unpaid interest that accrued back to principal during a
17 calendar year.  Id. at ¶¶ 1, 7.  As a result of this over-reporting, Strugala alleges that "tens of
18 thousands" of tax returns were filed incorrectly.  Id. at ¶ 9.

19       Flagstar eventually changed its practice in 2011 and ceased reporting "deferred interest" on
20 Forms 1098.  Id. at ¶ 10.  It apparently did so without notice to borrowers and did not issue
21 amended Forms 1098 to correct the errors.  Id. at ¶¶ 10, 11.  Instead, Strugala alleges that "when
22 Flagstar decided to change its interest reporting policy in 2011, it determined that it would try to
23 make up for its prior over-reporting of interest by under-reporting consumers interest payments in
24 later years."  Id. at ¶ 17.  It does this, Strugala claims, by refusing to provide Forms 1098 to
25 borrowers who have actually paid back previously-deferred interest in years subsequent to 2011, if
26 that amount is less than that which Flagstar over-reported in prior Forms 1098.  Id. at ¶ 22.  Since

Case No.: 5:13-cv-05927-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

there is a three year statute of limitations for amending tax returns, Strugala alleges that borrowers affected by Flagstar's interest reporting are now precluded from correcting errors on prior years' returns. Id. at ¶ 15.

Strugala obtained a 30-year "negative amortization" adjustable rate mortgage loan from Flagstar on or about July 13, 2007, in connection with a home she previously owned in Los Gatos, California. Id. at ¶¶ 24, 25. Strugala's loan provided for the "Minimum Payment" option. Id. at ¶ 25. She and her tax preparer relied on the Forms 1098 issued by Flagstar for tax years 2007 through 2011, and did not cross-check the amount of interest listed on those forms with the amount Strugala actually paid. Id. at ¶ 28. Unbeknownst to Strugala, those 1098 Forms included interest that had been deferred. Id. at ¶¶ 32, 34.

Strugala's Los Gatos home was sold at a short sale in 2012. Id. at ¶ 35. By her calculation, this sale resulted in Flagstar receiving an interest payment that was more than the total amount of interest Flagstar over-reported on her Forms 1098 between 2007 and 2011. Id. at ¶ 38. Flagstar, however, did not issue Strugala a Form 1098 for 2012, and would not do so after receiving requests from Strugala. Id. at ¶¶ 39, 41.

Strugala alleges harm from Flagstar's interest reporting practice. Id. at ¶ 46. Because her income was significantly higher in 2011 and 2012 than it was in the years when Flagstar was over-reporting interest, the tax deductions she took in the earlier years "were worth significantly less than they would be for her in 2012." Id. at ¶ 47. Due to the statute of limitations, Strugala cannot now amend her prior returns. Id. at ¶ 48. She also alleges damages in the form of accountancy fees necessary to investigate and correct prior tax returns. Id. at ¶ 51.

Strugala initiated this action on December 23, 2013, and filed the FAC on February 26, 2014. She asserts six causes of action against Flagstar on behalf of herself and two purported classes, a "damage" class and an "injunctive" class, including (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) violation of § 6050H, (4) violation of the Unfair Competition Law ("UCL"), California Business and Professions Code § 17200, (5) declaratory

3
Case No.: 5:13-cv-05927-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

relief, (6) injunctive relief, and (7) fraud.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint that falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Twombly, 550 U.S. at 556-57.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

In addition, the court must generally accept as true all "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "courts are not bound to accept as true a legal conclusion couched as a factual allegation." Id.

## III. DISCUSSION

Flagstar raises a number of arguments in support of dismissal under Rule 12(b)(6). Alternatively, it argues the court should stay or dismiss this action based on the primary jurisdiction doctrine. After dismissing those claims that have been withdrawn, this court finds the alternative relief best suited to the circumstances that result.

4

Case No.: 5:13-cv-05927-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

### A.  Dismissal of Claims

In her opposition to the motion to dismiss, Strugala concedes that two of her claims, asserting a direct violation of § 6050H and for injunctive relief, should be withdrawn. On that basis, those claims will be dismissed without further leave to amend.

### B.  Application of Primary Jurisdiction Doctrine

Central to all of Strugala's remaining claims is one key allegation: that Flagstar's interest reporting policy both before and after 2011 violates § 6050H. Under § 6050H, "[a]ny person . . . who is engaged in a trade or business, and . . . who, in the course of such trade or business, receives from any individual interest aggregating $ 600 or more for any calendar year on any mortgage," must prepare an information return (such as a Form 1098) providing the IRS with the amount of interest paid and the identity of the person from whom the interest was received. 26 U.S.C. § 6050H(a), (b). This information must also be provided to the borrower along with certain statements disclosing that the amount of interest listed on the Form 1098 may not be fully deducted in certain circumstances. 26 C.F.R. § 1.6050H-2(b). Monetary penalties may be imposed on an interest recipient who fails to provide the form required by § 6050H, or who fails to provide accurate information on the form. 26 C.F.R. § 1.6050H-2(e)(2) (applying the penalty provisions in 26 U.S.C. § 6721 to violations of § 6050H).

But aside from what the statute says, of equal note for this case is what it does not say. Neither § 6050H nor its implementing regulations provide explicit direction to recipients on how, whether and when to report capitalized interest. Nor has the IRS taken a formal position on the issue, as other courts have observed. See Horn v. Bank of America, No. 3:12 cv-1718-GPC-BLM, 2014 WL 1455917, at *3 (S.D. Cal. Apr. 14, 2014) (noting that "[t]he IRS has never taken a formal position in any published regulation (or even in a private letter ruling)" on whether capitalized interest must be reported on a Form 1098, and classifying the plaintiffs' claims based on a violation of § 6050H as "novel").

This silence presents a significant challenge to Strugala's claims given the extent to which they rely on a purported violation of § 6050H through the reporting or non-reporting of capitalized

5
Case No.: 5:13-cv-05927-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

interest. A similar case illustrates why this is so. In Pemberton v. Nationstar Mortgage, LLC, No. 3:14-cv-1024-BAS-WVG (S.D. Cal. filed Apr. 23, 2014), the district court - faced with the exact circumstances presented here - invoked the primary jurisdiction doctrine to stay the action pending a determination by the IRS. There, the plaintiffs alleged that Nationstar violated § 6050H by classifying their monthly payments of deferred interest as principal payments on a Form 1098. Much like Strugala, the Pemberton plaintiffs used that violation to assert claims for breach of contract, breach of the covenant of good faith and fair dealing, violation of the UCL, fraud, and declaratory and injunctive relief, as well as a direct claim for violation of § 6050H (which Strugala has since abandoned).[2] And much like Flagstar, Nationstar moved to dismiss or stay the case.[3]

In its order addressing the motion to dismiss, the district court agreed with Nationstar that no private right of action is implied in § 6050H and dismissed that claim with prejudice. As to the remaining claims, the court determined that, because "each turn on whether [Nationstar] accurately reported the interest paid" on the 1098 Forms, the IRS' position on the issue was "necessary . . . to determine whether [Nationstar's] actions breached any duties." After further describing the issue as one of "first impression," the court then referred the matter "to the Internal Revenue Service to determine whether the Form 1098s [Nationstar] provided to Plaintiffs complied with the requirements of 26 U.S.C. § 6050H" and stayed the case to permit the plaintiffs to seek agency direction.

The reasoning applied by the Pemberton court is likewise applicable here. Indeed, this case presents the same critical question under § 6050H, just with a different lender in the place of Nationstar. And as the parties' briefing makes clear, whether and how capitalized interest should be reported is an issue of first impression for the courts, raises a topic particularly suited to

---

[2] The similarities between Strugala's case and Pemberton are not a coincidence since both cases involve the same lawyers on the plaintiff's side.

[3] The court takes judicial notice of the documents filed in the Pemberton action. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (The court "may take judicial notice of court filings and other matters of public record.").

consideration by the IRS, and poses a risk of inconsistent rulings if the judiciary is left to contemplate it in the first instance without the benefit of IRS guidance.  It therefore has all the makings of an issue that should be allocated to the responsible agency for the purposes of this case since Strugala's claims are otherwise cognizable (as opposed to sufficiently pled, which is an issue the court does not take up at this time).  See Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc., 307 F.3d 775, 780 (9th Cir. 2002) ("[P]rimary jurisdiction is properly invoked when a claim is cognizable in federal court but requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency."); see also Maronyan v. Toyota Motor Sales, U.S.A., Inc., 658 F.3d 1038, 1048-49 (9th Cir. 2011) ("The primary jurisdiction doctrine prescribes deference to an administrative agency where (1) the issue is not within the conventional experiences of judges, (2) the issue involves technical or policy considerations within the agency's particular field of expertise, (3) the issue is particularly within the agency's discretion, or (4) there exists a substantial danger of inconsistent rulings.").

Strugala resists a disposition based on the primary jurisdiction doctrine with only unpersuasive arguments.  She first contends the doctrine generally does not apply when the issues being litigated are legal rather than factual.  The Pemberton court rejected that argument as an inaccurate statement of the authority upon which it relies.  This court concurs that Stugala overstates the rule.  There is no absolute prohibition on the referral of legal issues to an agency. See Corneli Seed Co. v. Union P. R. Co., 263 F.2d 127, 130 (9th Cir. 1958).  In fact, questions of law "requiring the assertion of the expert and specialized knowledge of the agency members" are particularly suited to referral under the primary jurisdiction doctrine.  Id.

Here, though Strugala would characterize the question as a simple undertaking of statutory construction, that is quite frankly not the case.  It cannot be said based on a plain reading of § 6050H whether or not the statute's use of the term "interest" encompasses capitalized interest.  Nor is that question definitively answered with reference to Old Colony Railroad Co. v. Commissioner of Internal Revenue, 284 U.S. 552 (1932), or Wilshire Holding Corporation v.

7

Case No.: 5:13-cv-05927-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

Commissioner of Internal Revenue, 262 F.2d 51, 53 (9th Cir. 1958)), because neither of those cases examine whether capitalized interest is contemplated by the common understanding of the word "interest," let alone contain the holdings Strugala attributes to them in her opposition.[4]

There is a better way to distinguish which issues are appropriately referred to an agency, rather than focusing on whether they are factual or legal. "[I]t is the extent to which Congress, in enacting a regulatory scheme, intends an administrative body to have the first word on issues arising in judicial proceedings that determines the scope of the primary jurisdiction doctrine." United States v. Gen. Dynamics Corp., 828 F.2d 1356, 1362 (9th Cir. 1987). With regard to the IRS, it is undebatable that "Congress has given the IRS broad authority to issue rules implementing the tax laws." Tualatin Valley Builders Supply, Inc. v. United States, 522 F.3d 937, 942 (9th Cir. 2008). Under this authority, the IRS has promulgated rules regulating the content and scope of Forms 1098. Accordingly, Strugala's claims raising a novel question of taxation policy in the context of that form are the types on which the agency should have the first word in accordance with Congress' broad mandate.

Strugala's second argument fares no better. She attempts to distinguish her case from Pemberton by pointing out that her request for damages is primarily related to prior tax years for which she can no longer file an amended return. But this distinction makes no difference because she must obtain another form of relief requested in the FAC - the issuance of corrected Forms 1098 - before damages related to prior tax years can be calculated. Without doubt, whether or not that relief should be awarded will depend on whether the prior Forms 1098 were non-compliant.

In sum, the court finds it cannot proceed with Strugala's claims without the expertise of the

---

[4] Another case cited by Strugala, Smoker v. Commissioner of Internal Revenue, Nos. 31130-09, 28928-10, 2013 WL 645265 (T.C. Feb. 21, 2013), is also of little assistance. Notwithstanding the Pemberton court's description of that opinion as having "no precedential value at law," it does not resolve the issue raised in this case. In Smoker, the tax court only held that capitalized interest cannot be deducted until it is actually paid; it did not designate how or whether a lender should report such interest on a Form 1098.

8
Case No.: 5:13-cv-05927-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

IRS. For that reason, this court, like the Pemberton court,[5] will refer the matter to the IRS under the primary jurisdiction doctrine and stay this case until such formal commentary is obtained.[6]

## IV.  ORDER

Based on the foregoing, Flagstar's Motion to Dismiss (Docket Item No. 55) is GRANTED IN PART and DENIED IN PART as follows:

1. The motion to dismiss is GRANTED as to Strugala's claims for violation of § 6050H and for injunctive relief, which claims are DISMISSED WITHOUT LEAVE TO AMEND.

2. The motion to dismiss is DENIED WITHOUT PREJUDICE as to the remaining claims.

3. The motion to stay this action and refer this matter to the IRS under the primary jurisdiction doctrine is GRANTED.

The court REFERS to the IRS the following question: whether Flagstar's practice of reporting capitalized interest before and after 2011 complied with the requirements of 26 U.S.C. § 6050H and its related regulations. Plaintiff is responsible for initiating proceedings before the IRS with sufficient formality so as to result in the agency's official position on the issue.

This action is otherwise STAYED. The clerk shall ADMINISTRATIVELY CLOSE this file.

So that the ongoing appropriateness of the stay can be monitored, Strugala shall submit a brief Status Report which describes the status of proceedings before the IRS on **March 6, 2016**, and continuing every six months thereafter. Furthermore, within 10 days of obtaining an official opinion from the IRS, Strugala shall file a Notice informing the court of such development and

---

[5] The court is aware of the district court's decision in another similar case, Smith v. Bank of America, N.A., No. CV 14-6668 DSF (PLA), but finds the court's approach in Pemberton more persuasive.

[6] The court has reviewed Strugala's request for judicial notice filed on July 2, 2015 (Docket Item No. 64). In this court's opinion, the letter from the Department of Treasury dated June 10, 2015, is not a formal agency opinion and, in any event, does not describe the IRS' position on the matter referred by the Pemberton court.

request that this matter be reopened and that a Case Management Conference be scheduled.

The Case Management Conference scheduled for November 19, 2015, is VACATED.

**IT IS SO ORDERED.**

Dated: September 4, 2015



EDWARD J. DAVILA
United States District Judge

Case No.: 5:13-cv-05927-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

10