UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LISA STRUGALA,<br><br>        Plaintiff,<br><br>    v.<br><br>FLAGSTAR BANK, FSB,<br><br>        Defendant. | Case No. 5:13-cv-05927-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 85 |

Plaintiff Lisa Strugala alleges that she was injured because Defendant Flagstar Bank, FSB provided erroneous tax documents regarding her mortgage interest payments. Flagstar moves to dismiss on the grounds that Strugala lacks Article III standing. Flagstar's motion will be GRANTED IN PART AND DENIED IN PART.

## I. BACKGROUND

Strugala obtained a home mortgage loan from Flagstar in 2007.[1] First Am. Compl. ("FAC") ¶¶ 24–25, Dkt. No. 18. Under the terms of the mortgage, Strugala's monthly payments were less than the monthly interest due, with the remainder added to the loan principal. Id. ¶¶ 3–5, 25.

Under 26 U.S.C. § 6050H, a lender must issue an annual Form 1098 stating the amount of mortgage interest that a borrower paid during the year. Strugala alleges that in the tax years before 2011, Flagstar issued Forms 1098 that erroneously included both (1) the amount of interest borrowers actually paid and (2) the amount of interest that was deferred and added to the principal. Id. ¶¶ 1, 7. She alleges that in 2011, Flagstar stopped reporting deferred interest on Forms 1098 and "tr[ied] to make up for its prior over-reporting of interest by under-reporting consumers' interest payments in later years." Id. ¶ 17.

Strugala sold her home in 2012 and used the proceeds to pay roughly $63,000 in deferred interest to Flagstar. Id. ¶¶ 35–40. However, despite her requests, Flagstar did not issue a Form 1098 to her for 2012. Id. As a result, Strugala alleges that Flagstar over-reported her interest payments for 2007–2011 and underreported her interest payments in 2012. Id. ¶¶ 38–41.

As discussed below, Strugala alleges that she suffered injuries from Flagstar's over-reporting and subsequent under-reporting. Flagstar moved to dismiss (Dkt. No. 55), and this Court stayed the action and referred the matter to the IRS under the primary jurisdiction doctrine to determine whether Flagstar's reporting practices complied with 26 U.S.C. § 6050H and its related regulations (Dkt. No. 69). This Court required Strugala to submit a report every six months describing the status of her IRS proceedings. On May 30, 2017, Strugala filed a report indicating that the IRS had accepted her amended 2012 tax return (among other developments). Dkt. No. 81. On June 21, 2017, this Court lifted the stay solely to permit Flagstar to file a motion addressing

---

[1] For a more detailed discussion of the factual and procedural background of this case, see this Court's order granting in part and denying in party Defendant's motion to dismiss, Dkt. No. 69 at 1–4.

Case No.: 5:13-cv-05927-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

2

Strugala's Article III standing. Dkt. No. 84. Flagstar now moves to dismiss under Fed. R. Civ. P. 12(b)(1). Def.'s Mot. to Dismiss ("MTD"), Dkt. No. 85.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Dismissal under Fed. R. Civ. P. 12(b)(1) is appropriate if the complaint fails to allege facts sufficient to establish subject-matter jurisdiction. Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). The Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). The nonmoving party bears the burden of establishing jurisdiction. Chandler v. State Farm Mut. Auto. Ins. Co., 598 F.3d 1115, 1122 (9th Cir. 2010).

### B. Article III Standing

To have standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). The plaintiff bears the burden of proving these elements. Id.

The plaintiff's injury must be "particularized" and "concrete." Id. at 1548. To be particularized, it "must affect the plaintiff in a personal and individual way." Id. To be concrete, it must be real, not abstract. Id. at 1548–49. A concrete injury can be tangible or intangible. Id. A statutory violation alone is not enough; the plaintiff must also allege a concrete harm. Id. at 1549 (a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirements of Article III").

If the plaintiff lacks Article III standing, then the case must be dismissed for lack of subject-matter jurisdiction. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101–02 (1998).

## III. DISCUSSION

Strugala alleges that she was injured because the amount of deferred interest she paid in

Case No.: 5:13-cv-05927-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

3

2012 was greater than the amount of deferred interest Flagstar reported in 2007–2010. FAC ¶¶ 35–40. She alleges that she was therefore entitled to a deduction in 2012, but was unable to receive it because Flagstar failed to provide a Form 1098 for that year. Id.

However, in her status report filed on May 30, 2017, Strugala acknowledges that the IRS accepted her amended 2012 tax return on November 14, 2016. Dkt. No. 81 at 3. The IRS issued a refund based on the mortgage interest she paid to Flagstar in 2012. Id. As a result, Strugala has received compensation for her inability to receive a 2012 refund stemming from Flagstar's erroneous Form 1098 report in 2012. Accordingly, the Court finds that Strugala lacks Article III standing to pursue claims based on this injury. See Smith v. Bank of America, N.A., 679 Fed. App'x 549, 550 (9th Cir. 2017) ("Mere receipt of an erroneous [Form 1098], without more, is insufficient to establish injury-in-fact.").

Strugala also alleges that she suffered a loss because she was forced to take mortgage interest deductions in 2007–2010 instead of in 2012.[2] She claims that her income was "significantly higher" in 2011–2012 than it was in 2007–2010. FAC ¶ 47. Because of this income disparity, she argues that "the tax deductions she took in the years where Flagstar wrongfully over-reported her interest payments [i.e., 2007–2010] were worth significantly less than they would be for her in 2012." Id.

Flagstar responds that this injury is "entirely speculative." MTD 7. In general, because of the time value of money, a deduction taken earlier is worth more than a deduction taken later. Id. To overcome this principle, Strugala must show that, in 2012, she had a higher income and that she was in a higher tax bracket. She has not done so. Id. Moreover, she was married when she obtained the mortgage, but she had separated from her husband in 2012, which may suggest that her income in 2012 was actually lower than her combined income in 2007–2010. Id.

The Court agrees that this injury, as pleaded in the FAC, is too speculative to establish

---

[2] The parties disagree about whether Flagstar issued a corrected Form 1098 for the 2011 tax year. FAC ¶ 28.

Article III standing. Other than the claim that her income was "significantly higher" in 2012, Strugala offers no explanation as to why the deduction would have been worth more in 2012 than in 2007–2010. Strugala knows what her income was from 2007 to 2012, and she is in possession of the tax returns she filed each year during that period. She bears the burden of calculating and explaining the injury she suffered from taking a late deduction.

Finally, Strugala argues that she was injured because she was forced to pay "accountancy fees necessary to prepare and file amended tax returns." FAC ¶¶ 48, 51. The Court agrees that this injury is an injury-in-fact, that it is fairly traceable to Strugala's conduct, and that it can be redressed by a favorable judicial decision. See Spokeo, 136 S. Ct. at 1547.

## IV. CONCLUSION

Flagstar's motion is DENIED as to Strugala's injuries arising from the cost of filing amended tax returns. Flagstar's motion is GRANTED as to Strugala's other injuries.

Strugala may amend her complaint only to add support for her position that she has Article III standing to pursue her claims. The amended complaint must be filed by **September 15, 2017**. Flagstar may file a motion to dismiss only addressing Article III standing. Flagstar's motion, not to exceed fifteen pages of text, shall be filed by **October 13, 2017**, and noticed for **January 11, 2018**. Any opposition, not to exceed fifteen pages of text, shall be filed by **October 27, 2017**. Any reply, not to exceed five pages of text, shall be filed by **November 3, 2017**.

**IT IS SO ORDERED.**

Dated: September 1, 2017

EDWARD J. DAVILA
United States District Judge

Case No.: 5:13-cv-05927-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

5