UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LISA STRUGALA,<br><br>    Plaintiff,<br><br>v.<br><br>FLAGSTAR BANK, FSB,<br><br>    Defendant. | Case No. 5:13-cv-05927-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS; DENYING DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS**<br><br>Re: Dkt. No. 102 |

Presently before the Court is Defendant Flagstar Bank FSB's ("Flagstar Bank") Motion to Dismiss the Second Amended Complaint ("SAC") filed by Plaintiff Lisa Strugala, an individual, on behalf of herself and on behalf of others similarly situated ("Strugala"), and Flagstar Bank's Motion to Strike Class Allegations. *See* Dkt No. 102. The overarching issue in this case stems from the parties' differing interpretations of 26 U.S.C. § 6050H, which generally describes how financial institutions who "receive" mortgage "interest" from their borrowers, report that interest on tax Form 1098. Strugala alleges that Flagstar Bank knowingly reported her mortgage interest incorrectly by reporting both paid and unpaid interest, which prevented her from filing her own correct tax returns, required her to file amended tax returns, and caused permanent loss of past valuable tax deductions. Strugala seeks declaratory and injunctive relief and monetary damages.

The Court heard oral argument on the motions on October 24, 2018. Dkt. No. 107. Having carefully reviewed the parties' arguments, the Motion to Dismiss will be GRANTED in part and DENIED in part. The Motion to Strike will be DENIED.

Case No.: 5:13-cv-05927-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

1

## I. BACKGROUND[1]

Strugala obtained a 30-year "negative amortization" adjustable rate mortgage loan from Flagstar Bank in 2007, for a home she previously owned in Los Gatos, California. SAC ¶¶ 24, 25. Strugala's loan provided for the "minimum payment" option, which is generally, but not always, less than the interest due for the month." *Id*. ¶¶ 3, 25. Under this option, the unpaid monthly interest is "deferred" and added to the principal balance to be paid on a later date. *Id*. ¶ 4. This arrangement usually causes the overall loan balance to increase rather than decrease while the interest is deferred, even though the borrower is making monthly payments. *Id*. ¶ 5. As mortgagee, Flagstar Bank is required to issue a Form 1098 to the borrower and the Internal Revenue Service ("IRS") stating the amount of mortgage interest "received" from a borrower during that year.[2] 26 U.S.C. § 6050H(a)-(b).

Strugala initiated this action in 2013 and filed her First Amended Complaint in early February ("FAC"). Dkt. Nos. 1, 18. Strugala asserted seven causes of action against Flagstar Bank on behalf of herself and two purported classes, a "damage" class and an "injunctive" class, including: (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, (3) violation of 26 U.S.C. § 6050H, (4) violation of the Unfair Competition Law ("UCL"), California Business and Professions Code § 17200, (5) declaratory relief, (6) injunctive relief, and (7) fraud.

In September of 2015, the Court granted in part and denied in part Flagstar Bank's Motion to Dismiss Strugala's FAC. Dkt. No. 69. The Court dismissed without leave to amend Strugala's claims for violation of 26 U.S.C. § 6050H and injunctive relief because Strugala withdrew these claims in her opposition to Flagstar Bank's motion to dismiss. *Id* at 5. The Court did not address the five remaining claims. Instead, the Court granted Flagstar Bank's motion to stay the action

---

[1] The background is a summary of the allegations in the Second Amended Complaint (Dkt. No. 92) that are relevant to Defendant's motion to dismiss.
[2] A Form 1098 is a tax document issued by a lender that the taxpayer borrower utilizes to determine the amount of mortgage interest that should be reported to the IRS with their personal annual income tax returns. Dkt. No. 103-1, Ex. A at 2. The lender must complete three copies (A-C) of the Form 1098 every year. Flagstar Bank must send Copy B to the payer/borrower and Copy A to the IRS. Copy C is retained by Flagstar Bank. The Court takes judicial notice of Flagstar Bank's Exhibits A-E, pursuant to Federal Rule of Evidence 201(b). Dkt. No. 103-5.

Case No.: 5:13-cv-05927-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

2

based on the primary jurisdiction doctrine and referred the matter to the IRS to determine whether Flagstar Bank's reporting practice complied with 26 U.S.C. § 6050H. In November of 2016, the IRS accepted Strugala's amended 2012 tax return and issued her a refund based on the mortgage interest she paid to Flagstar Bank in 2012 from her short sale. Dkt. No. 81 at 3.[3]

In June of 2017, the Court partially lifted the stay to allow Flagstar Bank to file a motion to address Strugala's Article III standing. *See* Dkt. No. 84. In September of 2017, the Court granted in part and denied in part Flagstar Bank's Second Motion to Dismiss Strugala's FAC with leave to amend. Dkt. No. 91. The Court held that Strugala lacked standing to seek redress for the alleged loss she suffered because the amount of deferred interest she paid in 2012 was greater than the amount of deferred interest Flagstar reported in 2007–2010, and that she lacked standing for the alleged loss she suffered because she was forced to take mortgage deductions in 2007–2010 instead of in 2012. *Id*. at 4. Strugala did have standing to seek redress for accountancy fees that she incurred to prepare and file her amended tax return. *Id*. at 5.

Strugala asserts that for each year from 2007 through 2011, Flagstar Bank submitted a Form 1098 that *overreported* interest because it included both the amount of actual interest Strugala paid as well as the amount of unpaid interest she "deferred." SAC ¶ 7. Strugala contends that this practice violates § 6050H and IRS requirements because lenders should report only interest they actually "receive" (paid) and not interest that is deferred (unpaid). SAC ¶¶ 1, 7. Strugala alleges three categories of damages that were allegedly caused by this overreporting. First, Strugala "has paid more in taxes than she would have paid had Flagstar correctly reported her interest payments" in tax years 2007–2009. *Id*. ¶¶ 45-47. Second, she incurred costs to amend her 2012 tax return. *Id*. ¶ 48. Third, Strugala incurred late fees to amend her federal and state tax returns. *Id*. ¶ 49.

Now before the Court is Flagstar Bank's Motion to Dismiss Strugala's SAC and a Motion

---

[3] Strugala notified the Court of this subsequent development through her fourth status report to the Court regarding action by the IRS. *See* Dkt. No. 81.

Case No.: 5:13-cv-05927-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

3

to Strike Class Allegations. Strugala's SAC includes the same seven claims that were asserted in her FAC. Dkt. No. 92. Strugala seeks to bring this suit on her own behalf and two purported classes: (1) a "damage" class and (2) an "injunctive" class.

## II. LEGAL STANDARDS

### A. Motion to Dismiss

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that a claim "is plausible on its face." *Twombly*, 550 U.S. at 556–57. When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). The court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The court must also construe the alleged facts in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1998). But "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

Additionally, fraud-based claims are subject to heightened pleading requirements under Federal Rule of Civil Procedure 9(b). In that regard, a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they

have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). To that end, the allegations must contain "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

### B. Leave to Amend

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

## III. DISCUSSION

Flagstar Bank moves to dismiss all of Strugala's claims on four grounds. First, Flagstar Bank argues that Strugala is not entitled to relief under Section 6050H because the Court previously dismissed this claim without leave to amend. Dkt. No. 102 at 16–17. Second, Flagstar argues that Strugala's requests for declaratory and injunctive relief are improper because this Court previously dismissed the injunctive claim without leave to amend; Strugala lacks standing for either form of relief; and the Declaratory Judgment Act ("DJA") and the Anti-Injunction Act ("AIA") forbid declaratory and injunctive relief with respect to federal taxes. Dkt. No. 102 at 19-22. Third, Flagstar Bank contends that Strugala fails to plead the elements of her state law claims. Fourth, Flagstar Bank argues that Strugala's class allegations should be stricken because her claims are not typical of the class she seeks to represent and her class definition is geographically overbroad. Dkt. No. 102 at 29–32. The Court addresses each in turn.

### A. Section 6050H Violation

Strugala realleges a cause of action for a violation of Statute 6050H in her SAC. The Court previously dismissed this claim without leave to amend. Dkt. No. 69. Strugala contends that she is not reasserting the claim, but instead preserving for appeal. Dkt. No. 104 at 5. Thus, the third count for violation of 26 U.S.C. 6050H will again be dismissed without leave to amend.

## B. Declaratory and Injunctive Relief

Strugala realleges a cause of action for injunctive relief in her SAC. The Court previously dismissed this claim without leave to amend. Dkt. No. 69. Strugala contends that she is not reasserting the claim, but instead preserving for appeal. Dkt. No. 104 at 5. Thus, the sixth count for injunctive relief will again be dismissed without leave to amend.

Strugala alleges in her declaratory relief claim that Flagstar Bank maintains policies to where it overreported and then underreported the amount of paid "mortgage interest" to the IRS and its borrowers, prior to 2010, while refusing to correct these errors. Dkt. No. 92 at 5, 32–33. Strugala contends that a declaratory judgment is necessary to determine whether Flagstar Bank's procedures are correct and whether Flagstar Bank should be required to provide corrected 1098 forms. *Id*. at 33.

Flagstar Bank moves to dismiss Strugala's declaratory relief claim on three grounds: first, a declaratory relief is not a claim, but a remedy; second, Strugala lacks standing; and third, the Declaratory Judgment Act and the Anti-Injunction Act precludes the court from declaring the rights of parties with regard to federal taxes. 28 U.S.C. § 2201(a) ("DJA"), 26 U.S.C. § 7421 ("AIA").

Under 28 U.S.C. § 2201, "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." However, such relief is limited by the express terms of the statute to cases "of actual controversy." 28 U.S.C. 2201(a). Consequently, there must be a real controversy between the parties for a plaintiff to assert a claim for declaratory relief. *See Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005) ("[W]e have long held that the district court must first inquire whether there is an actual case of controversy within its jurisdiction.").

Strugala no longer has an actual controversy with Flagstar Bank. The mortgage held by Flagstar Bank ended with Strugala's short sale in 2012. Strugala does not allege that she intends to obtain a future mortgage with Flagstar Bank. Strugala will not receive a future Form 1098 from

Case No.: 5:13-cv-05927-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

6

Flagstar Bank. Moreover, any corrected Form 1098s will be useless because the three-year statute of limitations has run for amending her previous returns. Dkt. No. 92 at 6. Additionally, Strugala states that she no longer seeks a new Form 1098 from Flagstar Bank. Dkt. No. 104 at 30. Lastly, Strugala's remaining injuries are for the accountancy fees that she incurred to prepare and file her 2012 amended tax return. Dkt. No. 91 at 5. Thus, requiring Flagstar Bank to reissue an amended Form 1098 would be useless. Thus, Strugala's claims for declaratory relief; and specifically, Strugala's request for "[a]n Order requiring Flagstar to issue corrected Form 1098s" for alleged incorrect reporting over 2007 through 2010, is not considered an active controversy. SAC at 36.

Strugala's reliance on *Sosna v. Iowa*, 419 U.S. 393 (1975), in arguing that she can still represent the class even if she no longer seeks a new Form 1098, is unpersuasive. Dkt. No. 104 at 30. In *Sosna*, a plaintiff, representing a class, sued the State of Iowa and the trial judge to raise a constitutional challenge of Iowa's one-year residency requirement for persons before seeking to file for divorce. *Id*. at 393. By the time the case arrived to the Supreme Court, plaintiff had met Iowa's one-year residency requirement, meaning she could file for divorce. *Id*. at 398. The Court held that although plaintiff's residency requirement was met by the time the case reached the Court, plaintiff's claim was not moot. The Court reasoned that had she sued on her own behalf, the case would be moot and require dismissal, but when applying the rationale from *Dunn v. Blumstein*, 405 U.S. 330 (1972), "[a]lthough the controversy is no longer alive as to appellant Sosna, it remains very much alive for the class of persons she has been certified to represent." *Id*. at 399–401.

*Sosna* is distinguishable from Strugala. The potential class members in Strugala will not continue to be aggrieved by Flagstar Bank's reporting because like Strugala, the statute of limitations has run for all class members who could have amended their returns for tax years 2007–2010. Dkt. No. 92 at 6. Furthermore, Flagstar Bank changed its reporting policies starting in 2011. Thus, the class members' injury is not "capable of repetition." *Dunn v. Blumstein*, 405 U.S. 330, 334 n.2 (1972). In sum, unlike *Sonsna*, Strugala's declaratory relief claim and the class

Case No.: 5:13-cv-05927-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

7

members' claims are moot. The Court agrees with Flagstar Bank that Strugala lacks standing to seek declaratory relief because there is no actual controversy.

Accordingly, Flagstar Bank's motion to dismiss Strugala's declaratory relief claim is GRANTED without leave to amend.[4]

### C. State Law Claims

#### 1. Breach of Contract

The contract between Strugala and Flagstar Bank consists of the promissory note from the origination of her loan (the "Note"). Strugala alleges that the Note contains an implied provision requiring the bank to provide an accurate Form 1098. Strugala alleges that Flagstar Bank breached an implied provision of the Note when it failed to accurately report interest payments "received" as required under § 6050H. Dkt. No. 92 at 28–29. Flagstar Bank moves to dismiss this claim because compliance with § 6050H is not an implied term. Dkt. No. 102 at 22. The Court agrees that no implied term exists.

In general, "[i]mplied terms are not favored in the law, and should be read into contracts only upon grounds of obvious necessity." *In re Marriage of Corona*, 92 Cal. Rptr. 3d 17, 30 (Cal. Ct. App. 2009). California state and federal district courts look to five elements when determining whether terms are implied within a contract:

> (1) the implication either arises from the contract's express language or is indispensable to effectuating the parties' intentions; (2) it appears that the implied term was so clearly within the parties' contemplation when they drafted the contract that they did not feel the need to express it; (3) legal necessity justifies the implication; (4) the implication would have been expressed if the need to do so had been called to the parties' attention; and (5) the contract does not already address completely the subject of the implication.

*In re Marriage of Corona*, 92 Cal. Rptr. 3d at 30.

Here, Strugala focuses on the third element. In doing so, Strugala relies on *Hernandez v. Hilltop Financial Mortgage, Inc.*, 622 F. Supp. 2d 842 (N.D. Cal. 2007), and *Alameda County*

---

[4] Because Strugala has no standing, the Court need not address Flagstar Bank's remaining challenges to the declaratory relief claim.

*Flood Control v. Department of Water Resources*, 152 Cal. Rptr. 3d 845 (Cal. Ct. App. 2013). Based on *Alameda*, Strugala argues "all applicable laws in existence when an agreement is made, which laws the parties are presumed to know and to have had in mind, necessarily enter into the contract and form a part of it, without any stipulation to that effect, as if they were expressly referred to and incorporated." *Alameda*, 152 Cal. Rptr. 3d at 859, quoting *Swenson v. File*, 475 P.2d 852, 854 (Cal. 1970). It may be that when Strugala entered into agreement with Flagstar Bank for her loan, Section 6050H was in existence and present in her mind. However, the same cannot be said for Flagstar Bank. More importantly, in *Alameda*, the court was dealing with interpretation of a contract that included language pointing them to statutes that were part of the contract. *Id*. Strugala's Note, on the other hand, contains no such comparable provision. The *Alameda* court noted the contract at issue specifically stated, "pursuant to the provisions of the [Burns-Porter] Act, the [CVP] Act, and other applicable laws." *Alameda*, 152 Cal. Rptr. 3d at 859. Strugala's Note does not mention 26 U.S.C. § 6050H. Thus, *Alameda* is unpersuasive.

Strugala argues under *Hernandez*, that "California law recognizes that 'loan transactions between a mortgage finance company and the borrowers like the plaintiff involve 'more than the provision of a loan; they also include [the] financial services [of managing the loan].'" 622 F. Supp. 2d at 849; Dkt. No. 104 at 18. Even still, *Hernandez* is dissimilar. In *Hernandez*, a Mortgagor represented orally in Spanish to Spanish-speaking plaintiffs that their total home loan monthly payment amount included property taxes and property insurance premiums when it in fact did not. *Id*. at 845–56. Plaintiffs ultimately signed their loan agreements that were written in English and without Spanish translation or an interpreter. Plaintiffs brought suit alleging violation of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, which bank defendants argued did not apply the issued mortgage loan. *Id*. at 849. The court found that the California Consumer Legal Remedies Act applied to plaintiffs' mortgage loan requiring the mortgage loan provider to provide services such as "developing, securing and maintaining plaintiffs' loan." *Id*. at 851. However, even if the Court were to apply the reasoning in *Hernandez* to Strugala's

Case No.: 5:13-cv-05927-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

9

circumstances, it would still only extend to services such as Flagstar Bank developing, securing and maintaining plaintiff's loan. It says nothing as to what or how Flagstar Bank reports interest received to another party such as the IRS.

In sum, both *Sosna* and *Hernandez* are distinguishable in that Strugala's Note does not mention or make reference to 26 U.S.C. § 6050H nor has there been case law interpreting the statute as to how interest should be interpreted.

Strugala also argues that cases such as *Rose v. Bank of America*, *N.A.*, 57 Cal. 4th 390, 396 (Cal. 2013), *cert. denied*, 134 S. Ct. 2870 (2014) and *In re Farm Raised Salmon Cases*, 175 P.3d 1170, 1181–84, 1095–96 (Cal. 2008) provide that even where a federal statute provides no private right of action, a California state law claim can be brought based on the violation of the federal statute because the UCL claim incorporates all other laws. Dkt. No. 104 at 18. *In re Farm Raised Salmon* does not apply in these circumstances. First, there is no breach of contract claim in the cases cited. Second, *In re Farm Raised Salmon* dealt with preemption issues where the state laws were identical to the federal statutes, which is dissimilar to Strugala.

*Rose* is also not applicable. In *Rose*, the Court found that claims of unlawful business practices under California's unfair competition law can be based on violations of a federal statute, even if parts have been repealed, when there is a state law consistent with that federal statute and it is not superseded. 57 Cal. 4th at 183. This does not support Plaintiff's implied contractual term argument because again nothing in the Note includes or refers to 26 U.S.C. § 6050H.

### a. Leave to Amend

Strugala weaves into her opposition and at oral argument on the motion, a new theory for her breach of contract claim and seeks leave to amend her SAC. A party may amend its pleading once as a matter of course within 21 days after serving the pleading, or 21 days after the earlier of service of a responsive pleading or service of a Rule 12(b) motion. Fed. R. Civ. P. 15(a)(1). Outside of this, the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Although the rule should be interpreted with 'extreme liberality,' leave to amend is not

Case No.: 5:13-cv-05927-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS
10

to be granted automatically." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citation omitted).

A court considers five factors in determining whether to grant leave to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quotation omitted). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight. Prejudice is the touchstone of the inquiry under Rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* at 1052.

In applying the first and second factor, bad faith may be found when a litigant seeks to amend a complaint late in the litigation process with a claim that should have been apparent earlier. *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995). Here, Strugala filed her complaint on December of 2013. Dkt. No. 1. She later filed her FAC in early 2014. Dkt. No. 18. Strugala filed her SAC in September 2017. Dkt. No. 92. Strugala seeks to amend her breach of contract theory to substitute her Note with her deed of trust. On the one hand, Strugala's request arrives to the Court late in the litigation—nearly five years since she filed her initial complaint. On the other hand, this case was stayed at one point and trial is not near. Further, Strugala alleges the terms of her deed of trust were not "discovered" until after she filed the initial complaint. Hrg. Tr. at 24. When pressed at the hearing on whether the facts existed at the time of the initial filing, counsel for Strugala responded that she "didn't have them." Hrg. Tr. at 26. As it stands, Strugala's short sale occurred prior to filing of the initial complaint. Although the Court does not suggest any bad faith has taken place, the new theory does fall toward some undue delay on behalf of Plaintiff.

In applying the third factor, the Court also looks to whether the opposing party will be prejudiced by the amendment and the opposing party carries the burden of showing prejudice.

*DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186–87 (9th Cir. 1987). Here, Flagstar Bank opposed the amendment in its briefing and at oral argument. Flagstar Bank contends Strugala's request to amend should be denied given the improper delivery through her opposition and given five years have passed since her initial filing. It appears Flagstar Bank would be prejudiced if Plaintiff were given leave to file her complaint a third time five years into litigation. This factor weighs in favor of Flagstar Bank.

In applying the fourth factor regarding futility, "[a] motion for leave to amend may be denied if it appears to be futile or legally insufficient." *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir.1986). Here, Strugala alleges that unlike the Note between the parties that "only speaks to the allocation of 'monthly payments,'" her deed of trust "explicitly requires that 'proceeds' from sales be allocated to interest before principal." Dkt. No. 104 at 17. The terms of her deed appear to be legally sufficient. Therefore, this factor weighs in favor of Strugala.

Lastly, the fifth factor on whether previous amendments exist, as discussed previously, Strugala filed a first and second amended complaint and now seeks to file a third. This factor weighs in favor of Flagstar Bank.

On balance, although the terms of the deed of trust may be legally sufficient to Strugala's claim, the factors for leave to amend weigh in favor of Flagstar Bank. The terms of her deed of trust should have been apparent to Strugala much earlier than five years and two amendments to her complaint later.

Accordingly, Flagstar Bank's motion to dismiss Strugala's breach of contract claim is GRANTED without leave to amend.

### 2. Breach of Covenant of Good Faith and Fair Dealing

Strugala alleges that Flagstar Bank had a duty to act in good faith when dealing under contract with its borrowers. SAC ¶ 88. Strugala alleges that Flagstar Bank breached this covenant by: (1) "failing to report to the IRS payments of 'deferred interest' it received," (2) depriving

borrowers of tax deductions by providing inaccurate Form 1098s, (3) failing to inform borrowers in 2011 that previous Form 1098s were inaccurate, and (4) changing its reporting policies in 2011 without telling its borrowers. SAC ¶ 89. Flagstar Bank moves to dismiss Strugala's claim for breach of the covenant of good faith and fair dealing arguing that no duty is implied by the contractual terms within the Note. The Court agrees with Flagstar Bank.

"The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the *benefits of the agreement actually made*." *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 349 (Cal. 2000). "It cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Id*. at 349–50. As such, the covenant "is limited to assuring compliance with the express terms of the contract . . . ." *L.A. Equestrian Ctr., Inc. v. City of Los Angeles*, 17 Cal. App. 4th 432, 447 (Cal. 1993).

Here, the Note between the parties contains no provision how mortgage interest paid or unpaid shall be reported by Flagstar Bank. Nor does the contract contain a provision or any language that Flagstar Bank has a duty "not to conceal and/or fully and unambiguously disclose to Plaintiff and Class Members of any change Flagstar was making to its practices of reporting mortgage interest." SAC ¶ 88. The Note also does not include any language regarding reporting procedures or disclosures of any changes Flagstar Bank conducted in relation to borrowers' mortgage interest. The implied covenant of good faith and fair dealing "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010) (citing *Agosta v. Astro*, 15 Cal. Rptr. 3d 565, 573 (Cal. Ct. App. 2004)). Strugala's assertions of Flagstar Bank's duties are beyond the bounds of the Note.

Strugala nevertheless contends that a covenant may be implied such that Flagstar Bank deprived her of tax deduction benefits when it reported more interest on the Form 1098 than she paid. Strugala also claims she was not able to file her 2012 tax return in time with the correct

information to obtain the deductions that she is entitled to and incurred multiple fees because of Flagstar Bank's failure to provide a correct Form 1098 on time. The "benefits," however, are not benefits conferred in the Note. Instead, these benefits are tax benefits under the exclusive management and authority of the United States Department of the Treasury and IRS. The implied covenant cannot be extended to require Flagstar Bank to safeguard the alleged tax benefits. *See Racine v. Laramie, Ltd v. Department of Parks & Recreation*, 14 Cal. Rptr. 2d 335, 339 (Cal. Ct. App. 1992), citing *Gibson v. Government Employees Ins. Co.*, 208 Cal. Rptr. 511, 512 (Cal. Ct. App. 1984) (stating that if the parties have a contract "the implied covenant is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated in the contract"). "In order to state a claim for breach of an implied covenant of good faith and fair dealing, the specific contractual obligation from which the implied covenant of good faith and fair dealing arose must be alleged." *Griffin v. Green Tree Servicing, Inc.*, 166 F. Supp. 3d 1030, 1048 (C.D. Cal. April 9, 2015) (internal citations omitted).

Accordingly, Flagstar Bank's motion to dismiss Strugala's claim for breach of the implied covenant of good faith and fair dealing is GRANTED without leave to amend.

### 3. Fraud

Strugala alleges that Flagstar Bank knowingly and intentionally concealed from her that it had issued inaccurate 1098 forms. SAC at 34. Strugala alleges that Flagstar Bank had a duty to report accurately interest "received" each year and to report any mistakes. *Id*. Strugala also alleges that Flagstar Bank knew she would rely on the Form 1098 and that she did in fact rely on the Form when filing her own taxes. *Id*. Flagstar Bank moves this Court to dismiss Strugala's claim for fraud on the grounds that she fails to plead the elements for fraud with particularity as required by Rule 9(b), Fed. R. Civ. P. Dkt. No. 102 at 26.

"[T]he required elements for claims for fraud [are]: (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or scienter); (c) intent to defraud, *i.e.*, to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Tamburri v.*

Case No.: 5:13-cv-05927-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

14

*Suntrust Mortg.*, Inc., 845 F. Supp. 2d 1009, 1022 (N.D. Cal. 2012), citing *In re Estate of Young*, 72 Cal. Rptr. 3d 520, 533 (Cal. Ct. App. 2008). The Court agrees with Flagstar Bank that Strugala has not alleged facts to plausibly plead a claim for fraud.

### a. Misrepresentation (false representation, concealment, or nondisclosure)

Flagstar Bank first argues that the payments it reported were clearly disclosed and therefore concealment cannot be alleged by Strugala. Mot. at 26. Strugala responds by stating that § 6050 requires Flagstar Bank to report the "aggregate" amount of interest it "received" from its borrowers in each tax year on the Form 1098. Dkt. No. 104. at 14.

Here, taking Strugala's statements as true, even if Flagstar Bank reported the wrong aggregate amount of interest it received (solely for purposes of discussion) it did not conceal this. The amounts of interest Flagstar Bank reported for each tax year are clearly reflected on all copies of the Form 1098 sent to Strugala and the IRS. Thus, Strugala has not sufficiently pled any facts to support a showing that Flagstar Bank concealed the amount of interest it received.

Second, Flagstar Bank argues that it also did not fail to disclose anything to its members because Strugala's allegation that Flagstar omitted illegal reporting is an opinion of Strugala and not a statement of fact. Mot. at 26. Strugala alleges § 6050H as the source of this duty, however, § 6050H does not require reporting to borrowers any misreporting or change to reporting policy. Dkt. No. 106 at 13. Strugala responds that Flagstar Bank "deliberately chose to conceal" its misreporting errors and should have given notice to its borrowers. Dkt. No. 104. at 14.

Here, Strugala does not provide authority to show that Flagstar Bank had a duty to report to its borrowers any alleged misreporting or to report to its borrowers that reporting policies would be changed. Again, the interest that Flagstar Bank receives from its borrowers is reflected on the Form 1098 each year with one copy sent to the borrower and another to the IRS. Moreover, Strugala, as a borrower, has the knowledge of her interest received by Flagstar Bank, and holds her own independent obligation to track the status of her mortgage interest. Additionally, as a borrower, she holds her own independent obligation to file her taxes properly. If Flagstar Bank

Case No.: 5:13-cv-05927-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

15

1  had misreported her interest each tax year, Strugala would have raised any misreporting then with

2  Flagstar Bank and/or the IRS as opposed to years later after the 2012 short-sale of her home.

3  Thus, Strugala fails to show that Flagstar Bank had a duty to disclose any alleged misreporting or

4  that Flagstar Bank changed its reporting policies.

Accordingly, the element of misrepresentation is not met.

### b. Knowledge of falsity and Intent (or scienter)

Flagstar Bank argues that Strugala cannot plead this claim because it would require it to have known to report capitalized interest differently on Strugala's Form 1098 as late as 2012. Dkt. No. 102 at 27. Flagstar Bank argues that § 6050H is ambiguous, lacks regulatory guidance, and points the Court to similar cases within the district who argue the same.[5] *Id*. Strugala does not otherwise respond in her opposition to the ambiguity of § 6050H but mentioned at the hearing on the motion that the statute is not ambiguous. Strugala argues that because Flagstar Bank changed its reporting procedures, this change shows that it knew they were wrongfully underreporting and then began to overreport to compensate for its error.

This issue is the heart of this action. A differing of opinion between the parties exists as to the definition of 'received" and "interest" within the § 6050H statute. The Court has previously stated in this case that it cannot be said based on a plain reading of § 6050H whether or not the statute's use of the term "interest" encompasses capital interest. Dkt. No. 69 at 7. The action was stayed for some time to allow for any further guidance from the IRS, which did not come. While courts within this district have wrestled with the same problem, parties are left without recourse unless a determination can be made. With that, the meaning cannot be said to have already been determined by Flagstar Bank in the tax years leading up to 2012. In the circumstances surrounding these negative amortization loans, it is unclear whether Flagstar Bank's requirement to report "interest" that is "received" from borrowers is to include only interest paid by the

---

[5] *Rovai v. Select Portfolio Servicing, Inc.*, No. 14-cv-1738-BAS-WVG, 2018 WL 3140543, at *1 (S.D. Cal. June 27, 2018); *Pemberton v. Nationstar Mortgage*, 331 F. Supp. 3d 1018 (S.D. Cal. 2018).

Case No.: 5:13-cv-05927-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

16

borrower or is to also include the monthly unpaid interest that is then added to the principal balance as interest repaid at a later date.

Thus, at this stage, Plaintiff is not able to plead the element of knowledge of falsity.

### c. Justifiable reliance

Flagstar Bank argues that Strugala does not plausibly allege reliance because although she alleges that had Flagstar Bank "corrected" its Form 1098 reporting she would have had to amend her prior tax returns, she fails to state how she would have behaved differently.

Here, Strugala fails to show that she relied on Flagstar Bank's Form 1098s for the years prior to 2012. In fact, Strugala states that she ignored the amount on the Form 1098 from Flagstar Bank when filing her taxes.[6] The mortgage interest Strugala claimed on her own tax returns was neither the amount provided by Flagstar Bank, nor the alleged amount of interest paid, but a separate amount her accountant advised her to report.

### d. Resulting Damage

The narrowed down damages on Strugala's claims amount to the accountancy fees that she incurred to prepare and file her amended tax return. Dkt. No. 91 at 5. Flagstar Bank does not otherwise oppose damages under the fraud claim.

The Court finds that Strugala has not pled her fraud claim with enough particularity to satisfy Rule 9(b).

### 4. Strugala's Unfair Competition Law ("UCL") Claim

Strugala alleges in her SAC that Flagstar Bank's practice of failing to include payments of mortgage interest "constitutes an unlawful, unfair and fraudulent business practice[] under the UCL . . . ." SAC ¶ 101. Flagstar Bank disagrees.

The UCL prohibits acts of unfair competition, including "unlawful, unfair or fraudulent

---

[6] For example, in the 2009 tax year, Flagstar Bank reported on Form 1098 to Strugala an aggregate interest amount of $59,376.13 for her Los Gatos home. SAC ¶ 54. By Strugala's calculations, this amount included $18,207.37 of overreported interest. However, she self-reported to the IRS an interest paid amount of $48,636.09.

Case No.: 5:13-cv-05927-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

17

business act or practice and unfair, deceptive, untrue or misleading advertising" and is scrutinized through a three-prong analysis. Cal. Prof. Code § 17200. As such, Strugala must show sufficient facts to support each prong. "Each prong of the UCL is a separate and distinct theory of liability" and "an independent basis for relief." *Lozano v. AT&T Wireless Servs., Inc*., 504 F.3d 718, 731 (9th Cir. 2007) (citations omitted).

Strugala has not adequately pled her UCL claim. Strugala's statement in her SAC is conclusory. *See* SAC ¶ 101. However, at oral argument on the motion, Strugala described the UCL statute as broad. Hr. Tr. At 23. Further, Strugala points to her breach of contract claim as "unlawful," to her good faith and fair dealing claim as "unfair," and lastly, to her fraud claim to the third-prong of "fraudulent." Hrg. Tr. at 28–29.

Strugala also refers to the *Farm Raised Salmon Cases*, 175 P.3d 1170 (Cal. 2008) and *Rose v. Bank of American, N.A.*, 304 P.3d 181 (Cal. 2013), alleging that even when there is a statute with no private right of action, a plaintiff can still "pin" a UCL claim on that federal statute when a state law claim is being made. In *Farm Raise Salmon*, the court allowed for state law claims to be remedied in the situation where a federal statute (not preempted by state law) and an identical state statute exist. Meaning, when a plaintiff seeks a remedy from a federal statute, and the state has an identical statute, the plaintiff can pin and plead a UCL claim. In *Rose*, the court similarly held that a plaintiff can seek a UCL claim in California based on violations of a federal statute, even if Congress has repealed any portion allowing civil actions for damages, when the state law is consistent with the federal statute. 304 P.3d 183. Strugala's circumstances differ in that the Note does not provide any identical California statute compared to 26 U.S.C. § 6050H to "pin" her UCL claim on.

Accordingly, Strugala has not pled sufficient facts to support the three prongs under her UCL claim. The motion to dismiss the UCL claim is GRANTED with leave to amend.[7]

---

[7] Given Strugala has not adequately pled a single claim, the Court need not address Flagstar Bank's motion to strike allegations.

Case No.: 5:13-cv-05927-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

18

## IV. ORDER

Based on the foregoing,

1. Flagstar Bank's motion to dismiss claim I for breach of contract is GRANTED without leave to amend.
2. Flagstar Bank's motion to dismiss claim II for breach of the covenant of good faith and fair dealing is GRANTED without leave to amend.
3. Flagstar Bank's motion to dismiss claim III for violation of 26 U.S.C. § 6050H is GRANTED with prejudice again.
4. Flagstar Bank's motion to dismiss claim IV for unfair competition law is GRANTED with leave to amend.
5. Flagstar Bank's motion to dismiss claim V for Declaratory Relief is GRANTED without leave to amend.
6. Flagstar Bank's motion to dismiss claim VI for injunctive relief is GRANTED with prejudice again.
7. Flagstar Bank's motion to dismiss claim VII for fraud is GRANTED without leave to amend.
8. Because of the dismissed claims, Flagstar Bank's motion to strike class allegations is GRANTED without leave to amend.

The Court schedules a Case Management Conference for 10:00 a.m. on September 5, 2019. The parties shall file an updated Case Management Conference Statement on or before August 26, 2019.

**IT IS SO ORDERED.**

Dated: May 24, 2019

EDWARD J. DAVILA
United States District Judge

Case No.: 5:13-cv-05927-EJD
ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

19